**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Howard Cochran, | No. CV 11-2098-PHX-RCB (JFM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Christopher Stavris, | |
| Defendant. | |

Plaintiff Howard Cochran, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc. 1, 8.) The Court will dismiss the Complaint and this action with prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . .

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts,

1 a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
2 action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court
3 will dismiss Plaintiff's Complaint for failure to state a claim and dismiss this action without
4 leave to amend because the Complaint cannot be amended to state a claim.

**III.   Complaint**

Plaintiff alleges three counts for violation of his Sixth Amendment rights. Plaintiff sues attorney Christopher Stavris. Plaintiff seeks compensatory relief.

**Background**

Plaintiff is in the custody of the Maricopa County Sheriff pending criminal proceedings in Maricopa County Superior Court cases# CR2010161733 and CR2011101847. On October 11, 2011, Plaintiff pleaded guilty pursuant to plea agreements in both cases.[1] Until December 8, 2011, Defendant Stavris represented Plaintiff in connection with those proceedings.[2] Plaintiff has not yet been sentenced.

**IV.   Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff alleges that Defendant violated his Sixth Amendment rights by conspiring with a state official to secure Plaintiff's conviction by: refusing to turn over evidence to

---

[1] See http://www.courtminutes.maricopa.gov/docs/Criminal/102011/m4932987.pdf and http://www.courtminutes.maricopa.gov/docs/Criminal/102011/m4932988.pdf(last visited Jan. 19, 2012).

[2] See http://www.courtminutes.maricopa.gov/docs/Criminal/122011/m5017011.pdf (last visited Jan. 19, 2012).

- 3 -

1  Plaintiff so that he could investigate; falsely telling the court that the prosecution had timely
2  made required disclosures; and refusing to fingerprint evidence that the state said was in
3  Plaintiff's possession.  A prerequisite for any relief under 42 U.S.C. § 1983 are allegations
4  to support that a defendant acted under the color of state law.  Whether an attorney
5  representing a criminal defendant is privately retained, a public defender, or court-appointed
6  counsel, he does not act under color of state law.  See Polk County v. Dodson, 454 U.S. 312,
7  317-18 (1981); Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (*en*
8  *banc*).  Accordingly, Plaintiff fails to state a claim under § 1983 against Stavris based on his
9  representation of Plaintiff in criminal proceedings.

10  Further, the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971),
11  prevents a federal court in most circumstances from directly interfering with ongoing
12  criminal proceedings in state court.  The Younger abstention doctrine also bars requests for
13  declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing
14  state criminal prosecution.  Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986).  The Younger
15  abstention doctrine also applies while a case works its way through the state appellate
16  process, if a prisoner is convicted.  New Orleans Pub. Serv., Inc. v. Council of City of New
17  Orleans, 491 U.S. 350, 369 (1989).  If Plaintiff believes that he was denied his Sixth
18  Amendment right to the effective assistance of counsel, he should present that claim in his
19  criminal proceedings, and/or on direct appeal or in state post-conviction review proceedings.
20  For the reasons discussed, Plaintiff's Complaint and this action will be dismissed.

21  **IT IS ORDERED:**

22  (1)    Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 8.)

23  (2)    As required by the accompanying Order to the appropriate government agency,
24  Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

25  (3)    The Complaint (Doc. 1) and this action are **dismissed** for failure to state a
26  claim without leave to amend.

27  . . .

28

1   (4)   The Clerk of Court must enter a judgment of dismissal of this action with
2 prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).
3   DATED this 23rd day of January, 2012.

*(signature)*
Robert C. Broomfield
Senior United States District Judge